

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Wang v. Atty Gen USA" (2004). *2004 Decisions.* Paper 779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2838

———

FA PO WANG,

Petitioner,

v.

JOHN ASHCROFT
Attorney General of the United States,
Respondent.

———

Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A77-318-054)

———

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed: April 23, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write for the parties only, the background of the case is not set forth.

Fa Po Wang petitions for review of a final order of removal issued by the Board of

Immigration Appeals ("BIA").  Wang is a native and citizen of China who attempted to enter the United States without a valid entry document by presenting a Japanese passport issued to another individual.

Wang submitted an application for asylum and withholding of removal under the Immigration and Naturalization Act and also requested protection under the United Nations Convention against Torture, based on his contention that he had been persecuted by the Chinese government for having been associated with certain books on the Falun Gong spiritual movement that were found in his father's bookstore in the Yang Yi village. The inquiries over the books were made by the Chinese police because, as reported by the Department of State Country Report, China continues persecution of those who practice and espouse Falun Gong.

The Immigration Judge ("IJ") who conducted the hearing, determined that the applicant was not credible and denied relief.  In his decision, the IJ set forth specific examples in which he found inconsistencies in Wang's testimony and concluded that this was a frivolous asylum application.

The BIA dismissed Wang's appeal from the IJ's denial of his application for asylum, withholding of removal and relief under the Convention.  The BIA specifically rejected, however, that portion of the IJ's decision that found that during the credible fear interview Wang did not mention that he was arrested and detained by Chinese officials in April 2000, noting that at this interview Wang did mention his arrest and detention.

Nonetheless, the BIA affirmed the IJ's adverse credibility finding.

For petitioner to establish he is a refugee, he must demonstrate that he is unable or unwilling to return to China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); see also Gao v. Ashcroft, 299 F.3d 266, 271-72 (3d Cir. 2002). Such persecution must be inflicted either by the government or by forces that the government is unable or unwilling to control. Id. at 272.

The petitioner bears the "burden of supporting [his] asylum claim[] through credible testimony." Gao, 299 F.3d at 272 (citations omitted). An adverse credibility finding by the BIA should be supported by a specific, cogent reason for the disbelief in the petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998).

We conclude that the BIA's factual findings are supported by the record and that the BIA provided specific and sufficient reasons for affirming the IJ's adverse credibility findings.

The BIA noted that Wang altered his testimony as to who had sold the Falun Gong books, first stating himself, then stating his father and then stating both his father and him; that he altered his testimony as to how he had responded to the Chinese police asking him where the books came from, first stating that he told the police he did not know and then stating that he told them the books came from a salesman; and that he told the interviewer upon arrival at the LAX airport that he had never been arrested anywhere

in the world and did not provide a satisfactory explanation why he had provided that answer when in his testimony at the hearing he complained that he had been arrested by the Chinese police and was subjected to torture and sent to a camp. Moreover, the BIA noted that if Wang was arrested and detained at a labor camp for being associated with a book found in his father's book store, then it was implausible that Wang's father was never arrested and the bookstore remains open.

We have considered all of the contentions of the petitioner and conclude that no further discussion is necessary. The petition for review will be denied.

———